PeaesoN, C. J.
 

 Ye concur with his Honor on both points presented:
 

 1st. There is nothing to control the call of the deed executed by Peter Eddleman to Forney in 1832, and by Forney to Carpenter in 1835, that is, “ to a stake on the bank of the creek,” “thence to the beginning,” which is a
 
 strcdght \m&,
 
 and includes the
 
 locus vn
 
 quo, and does not run with the me
 
 *619
 
 anders of tbe creek; consequently, those deeds, (although such may not have been the intention of the parties,) included the bend of the creek, and made an estoppel in respect to Peter Eddleman, although in 1832, he did not own the land. Afterwards, in 1838, when he acquired title by the deed of Abernathy to him, the “ estoppel was fed,” so ashy the
 
 aet of law
 
 to vest the title in Carpenter, in the same manner as if Eddleman had owned the land in 1832.
 

 2ndly. But there is no principle of law which prevented him from afterwards divesting the title of Carpenter, thus perfected by estoppel, in the same way that any third person could have divested it, and acquired the title, that is, by a disseisin, and twenty years adverse possession, during all which time he tvas exposed to the action of Carpenter; or, by a color of title, and seven years adverse possession, during which time he was in like manner exposed to the action of Carpenter; which, under our statute, would toll the right of entry, and ripen his color of title into a good title ; for, although he and all those claiming under him, were estopped in respect to Eorney, and all claiming under him from denying, that in 1832, he owned the land in the bend of the creek, and then passed the title to Eorney, yet, he might well be heard to say “Iadmit that I passed the land to you by my deed in 1832, but I have since acquired a new title by means of a
 
 color of title a/nd seven years adverse
 
 possession, and, although by act of law, the title which I acquired from Abernathy, in 1838, inured to your benefit, and went to feed the estoppel, still his deed to me was
 
 color
 
 of title, and my adverse possession of the land under it for more than seven years, divested your title, and gave me a new and distinct title which, then, had no existence, and which, of course, I did not profess to pass to you by my deed of 1832. So, your fight of entry has been tolled, and your title lost by matter
 
 ex post faetoP
 

 This conclusion is fully sustained by the cases of
 
 Johnsons. RairlotolS
 
 Ired. 84;
 
 Reynolds
 
 v. Cathey, 5 Jones 437.— There is no error.
 

 PeR CueiaM,
 

 Judgment affirmed.